UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT MICHIGAN
NORTHERN DIVISION

EVELYN TUCKER,

        Plaintiff,                        Case No:

vs.                                              Hon.

STERLING JEWELERS, INC.,

        Defendant.
_____/

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
Attorney for Plaintiff
1024 N. Michigan Ave.
Saginaw, MI 48602
(989) 752-1414

_____/

There is no other pending or resolved civil action arising our of the transaction or occurrence alleged in this Complaint

**COMPLAINT, DEMAND FOR JURY TRIAL AND PRE-TRIAL CONFERENCE**

      NOW COMES the Plaintiff, EVELYN TUCKER, by and through her attorneys, THE MASTROMARCO FIRM, and hereby complains against the Defendant, STERLING JEWELERS, INC., stating more fully as follows:

**COMMON ALLEGATIONS**

1.     That at all times material hereto, Plaintiff, EVELYN TUCKER, is a resident of the County of Saginaw, State of Michigan.

2. That at all times material hereto, the Defendant, STERLING JEWELERS, INC., is a corporation doing business throughout the State of Michigan at multiple stores, and specifically doing business at the Fashion Square Mall in the County of Saginaw, State of Michigan.

3. That at all times material hereto, Defendant, STERLING JEWELERS, INC., was Plaintiff's employer as defined under the Michigan and Federal Civil Rights Statutes as well as 42 USC §1981.

4. That Plaintiff has received her Notice of Right to Sue from the EEOC on July 28, 2009, which is attached hereto as **Exhibit 1**.

5. That the Plaintiff is a member of a protected class by virtue of her race pursuant to 42 U.S.C. § 1981, and the Michigan Elliott Larsen Civil Rights Act otherwise found at MCL 37.2101 *et seq*.

6. That this cause of action is also brought pursuant Title VII of the Civil Rights Act of 1964 (otherwise found at 42 USC § 2000e *et seq*) which prohibits discrimination based on race.

7. That the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00) exclusive of costs and attorneys fees.

8. That at all times material hereto, Defendant is guilty of discrimination based on race in violation of State and Federal anti-discrimination Statues.

9. That Defendant did employ the Plaintiff on May 29, 1987, and during such time, and prior to her termination, the Plaintiff performed in a satisfactory or above

satisfactory manner and met all of the performance standards of the Defendant in her sales position.

10. That at all times material hereto, Plaintiff worked in sales at Defendant's Fashion Square Mall Location, which was Store #1197 and named "Leroy's Jewelers."

11. That Plaintiff was terminated by District Manager Tom Krawzyck on June 26, 2008 for alleged performance deficiencies.

12. That District Manager Tom Krawzyck is Caucasian.

13. That the reasons given for Plaintiff's termination were wholly pretextual in nature.

14. That as evidence of pretext, Plaintiff was performing at a higher sales rate than the Caucasian sales employees, at the time of her termination, yet the Caucasian sales employees were not terminated.

15. That during the course of Plaintiff's employment, upon information and belief, Plaintiff was receiving less compensation than less experienced Caucasian sales employees even though Plaintiff had the most seniority.

16. That Plaintiff was also passed up for promotions in favor of less experienced Caucasians.

17. That as a result of Defendant's unlawful acts, Plaintiff has suffered economic damages including lost wages, back pay, future pay, future raises and all other benefits provided and further Plaintiff was forced to suffer a loss of health benefits, vacation pay, holiday pay and all other fringe benefits and also suffered

non–economic damages including mental anguish, nervousness, as well as humiliation and embarrassment.

18. That this Court has subject matter jurisdiction over the federal questions being raised in this matter pursuant Title VII of the Civil Rights Act of 1964, otherwise found at 42 U.S.C. § 2000e, 42 USC § 1981, and supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

19. That the Plaintiff as a result of his wrongful termination has sustained economic damages in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) exclusive of costs and interest.

20. That as a direct and proximate result of Defendant's wrongful actions the Plaintiff has suffered severe emotional and mental anguish in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of costs and interest.

21. That as a direct and proximate result of the Plaintiff's wrongful termination, the Plaintiff has sustained attorney fees and costs, which are also recoverable pursuant to 42 USC § 1988.

## COUNT I

## VIOLATION OF THE MICHIGAN ELLIOT-LARSEN CIVIL RIGHTS ACT

## AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

## RACE DISCRIMINATION

22. That the Plaintiff hereby incorporates, by reference hereto, paragraphs 1 through 21 of her Common Allegations word for word, and paragraph by paragraph as if restated herein.

23. That as indicated above, Plaintiff is a member of a protected class by virtue of her race.

24. That Plaintiff was terminated on June 26, 2008, because of her race.

25. That Plaintiff's race was a factor in her discriminatory treatment resulting in her ultimate discharge which occurred on June 26, 2008.

26. That similarly situated individuals outside of Plaintiff's protected class, were treated more favorably than the Plaintiff.

27. That Defendant terminated the Plaintiff for reasons which were wholly pretextual in nature.

28. That as evidence of pretext, Plaintiff was performing at a higher sales rate than the Caucasian sales employees, at the time of her termination, yet the Caucasian sales employees were not terminated.

29. That during the course of Plaintiff's employment, upon information and belief, Plaintiff was receiving less compensation than less experienced Caucasian sales employees even though Plaintiff had the most seniority.

30. That Plaintiff was also passed up for promotions in favor of less experienced Caucasians.

THE MASTROMARCO FIRM  1024 N. MICHIGAN AVENUE, SAGINAW, MICHIGAN  48602  (989) 752-1414

31. That Defendant's actions described herein are discriminatory in nature and amount to violations of Claimant's civil rights contrary to the Michigan ELCRA and Title VII of the Civil Rights Act of 1964.

32. That Defendant's actions have affected a term, condition and privilege of Plaintiff's employment and have resulted in Plaintiff suffering from economic loss in the form of back pay, future pay, overtime pay, bonuses, sick pay, vacation pay and all other fringe benefits together with interest on all monies outstanding along with non-economic damages in the form of mental anguish, nervousness as well as humiliation and embarrassment.

33. That pursuant to 42 U.S.C. § 1981 and the Michigan Elliot Larson Civil Rights Act otherwise found at MCL § 37.2101 *et seq.*, the Plaintiff further requests an award for his attorney fees and costs against the Defendant.

## COUNT II

## VIOLATION OF 42 U.S.C. § 1981

## RACE DISCRIMINATION

34. The Plaintiff hereby incorporates paragraphs 1 through 21 of her Common allegations and paragraphs 22 through 33 of Count I word for word as if restated herein.

35. That 42 U.S.C. § 1981 prohibits discrimination in the making and enforcing of contracts involving both public and private actors.

THE MASTROMARCO FIRM   1024 N. MICHIGAN AVENUE, SAGINAW, MICHIGAN   48602   (989) 752-1414

36. That Defendant is a private entity and thus subject to the requirements of the statute.

37. That the Plaintiff belongs to a class of identifiable persons who are subject to discrimination based on their race.

38. That the Defendants intended to discriminate and retaliate against Plaintiff on the basis of her race.

39. That the Defendant's discriminatory conduct abridged a right enumerated in 42 U.S.C. § 1981(a).

40. That Plaintiffs employment was governed by an employee handbook as well as policies and procedures which constitute a contract and Defendant interfered with Plaintiff's contractual rights (because of Plaintiff's race) by taking the adverse employment actions described herein.

41. That Plaintiff was terminated on June 26, 2008, because of her race.

42. That Plaintiff's race was a factor in her discriminatory treatment resulting in her ultimate discharge which occurred on June 26, 2008.

43. That similarly situated individuals outside of Plaintiff's protected class, were treated more favorably than the Plaintiff.

44. That Defendant terminated the Plaintiff for reasons which were wholly pretextual in nature.

45. That as evidence of pretext, Plaintiff was performing at a higher sales rate than the Caucasian sales employees, at the time of her termination, yet the Caucasian sales employees were not terminated.

46. That during the course of Plaintiff's employment, upon information and belief, Plaintiff was receiving less compensation than less experienced Caucasian sales employees even though Plaintiff had the most seniority.

47. That Plaintiff was also passed up for promotions in favor of less experienced Caucasians.

48. That Defendant's actions have affected a term, condition and privilege of Plaintiff's employment and have resulted in Plaintiff suffering from economic loss in the form of back pay, future pay, overtime pay, bonuses, sick pay, vacation pay and all other fringe benefits together with interest on all monies outstanding along with non-economic damages in the form of mental anguish, nervousness as well as humiliation and embarrassment.

49. That pursuant to 42 U.S.C. § 1981 and the Michigan Elliot Larson Civil Rights Act otherwise found at MCL § 37.2101 *et seq.*, the Plaintiff further requests an award for his attorney fees and costs against the Defendant.

WHEREFORE, the Plaintiff, EVELYN TUCKER, prays that this Honorable Court enter judgment in his favor in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) to fully compensate him for loss of back pay, future pay, bonuses, sick pay,

THE MASTROMARCO FIRM   1024 N. MICHIGAN AVENUE, SAGINAW, MICHIGAN  48602   (989) 752-1414

vacation pay and all other fringe benefits, as well as non-economic damages, together with interest of all monies outstanding.

                                      Respectfully submitted,

                                      THE MASTROMARCO FIRM

Dated: October 16, 2009      By:    s/Victor J. Mastromarco, Jr.
                                                VICTOR J. MASTROMARCO, JR. P34564
                                                Attorney for Plaintiff
                                                1024 N. Michigan Avenue
                                                Saginaw, Michigan  48602
                                                (989) 752-1414
                                                vmastromar@aol.com

## **DEMAND FOR TRIAL BY JURY**

*NOW COMES* the Plaintiff, EVELYN TUCKER, by and through her attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury of all issues in this cause of action unless expressly waived.

                        Respectfully submitted,

                        THE MASTROMARCO FIRM

Dated: October 16, 2009    By:    s/Victor J. Mastromarco, Jr.
                                                  VICTOR J. MASTROMARCO, JR. P34564
                                                  Attorney for Plaintiff
                                                  1024 N. Michigan Avenue
                                                  Saginaw, Michigan  48602
                                                  (989) 752-1414
                                                  vmastromar@aol.com

**DEMAND FOR PRE-TRIAL CONFERENCE**

*NOW COMES* the Plaintiff, EVELYN TUCKER, by and through her attorneys, THE MASTROMARCO FIRM, and hereby demands a Pre-Trial Conference pursuant to the Michigan Court Rules.

        Respectfully submitted,

        THE MASTROMARCO FIRM

Dated: October 16, 2009    By:    s/Victor J. Mastromarco, Jr.
    VICTOR J. MASTROMARCO, JR. P34564
    Attorney for Plaintiff
    1024 N. Michigan Avenue
    Saginaw, Michigan 48602
    (989) 752-1414
    vmastromar@aol.com