UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EVELYN TUCKER,

        Plaintiff,

v.

        Case No. 09-14102
        Honorable Thomas L. Ludington

STERLING JEWELERS, INC.,

        Defendant.

_____/

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR ATTORNEY'S FEES**

On June 26, 2008, Defendant Sterling Jewelers terminated the employment of Plaintiff Evelyn Tucker. Plaintiff filed suit in this Court alleging the termination was a result of racial discrimination, violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Elliott-Larsen Civil Rights Act. Thereafter, the parties submitted a stipulated order to stay the proceedings to proceed through Defendant's alternative dispute resolution program, RESOLVE. The parties proceeded to arbitration, where the arbitrator dismissed Plaintiff's claim because the claim was filed beyond the program's one-year limitation of actions provision. Returning to this Court, Plaintiff moved to vacate the arbitration decision and remand this matter back to the arbitrator for further proceedings. ECF No. 21. This Court denied the motion, concluding Plaintiff did not demonstrate that the arbitrator exceeded his powers or manifestly disregarded established precedent in reaching a decision.

Defendant now moves for attorney's fees pursuant to 42 U.S.C. § 1988, arguing that both the complaint and the motion to vacate were frivolous. ECF No. 32. For the following reasons, the Court will deny Defendant's motion.

# I

In May 1987, Plaintiff started working for Defendant, which operates retail jewelry stores nationwide. In June 1998, after eleven years of Plaintiff's employment, Defendant instituted a mandatory alternative dispute resolution program, called "RESOLVE," and required that all employees agree to participation in the program as a condition of continued employment. RESOLVE is characterized by a three step process:

### Step 1. Filing a Complaint

An employee who believes he/she has been subjected to an unlawful employment action, harassment, or termination must contact the RESOLVE Program Administrator and complete a RESOLVE Program Complaint Form.

The party must specify in the form how he/she has been subjected to an unlawful action and the specific relief sought. Unless prohibited by law, the claim must be fully completed, postmarked and sent to the RESOLVE Program Administrator within one (1) year of the alleged unlawful action.

After an investigation, a response (answer) will be postmarked to the employee no later than 30 days after receipt of the complaint form. If the employee is satisfied with the response no further action is required. . . .  If not satisfied by the outcome of Step 1, an employee may proceed to Step 2. . . .

### Step 2. Appeal For Further Review

Step 2 allows the employee to appeal for further review if he/she is not satisfied with the outcome of Step 1.

In Step 2, the case is assigned by the RESOLVE Program Administrator to a skilled outside Mediator or a 5-member review panel.

As in Step 1, if the employee is satisfied with the response, no further action is required.

If not satisfied by the outcome of Step 2, an employee may proceed to Step 3. . . .

### Step 3. Arbitration

Step 3 allows the employee to file for neutral and binding arbitration if the employee is dissatisfied with the decision or proposed resolution in Step 2. . . .

> Step 3 involves a formal hearing where both the employee and the Company may utilize legal representation. This step utilizes a jointly selected outside/neutral arbitrator from the American Arbitration Association. . . .
>
> The arbitration will take place at a mutually convenient time and location near the site where the complaint arose and shall be governed by the Federal Arbitration Act . . . .
>
> The Arbitrator will hear the case and render a decision. The arbitrator can award all remedies available as provided by law. The decision of the Arbitrator will be final and binding upon the employee and the Company.
>
> Arbitration is the final step. Neither party may file a lawsuit instead of using the RESOLVE Program or accepting the Arbitrator's final decision. . . .
>
> Questions and Answers . . .
>
> [Q:] Do I need to file an administrative charge to initiate a claim with RESOLVE?
>
> [A:] Although you retain the right to file such a charge, you do not need to file a charge to initiate a claim under RESOLVE. Further, if you do file a charge or any other action in any other forum, the time limitations contained in RESOLVE will continue to run. In order to bring a claim under RESOLVE, you must request, complete, postmark and send a Step 1 claim form within one year of the alleged unlawful activity regardless of any other types of actions you might file. Failure to do so, will result in a complete bar to your claim. . . .

Def.'s Opp'n to Mot. to Vacate Ex. A, at 16–19, ECF No. 26-2 (internal formatting omitted) ("Def.'s Opp'n").

In June 2008, Defendant terminated Plaintiff's employment. Defendant offered Plaintiff a severance package, which included a confidential agreement and a general release that mentioned the RESOLVE program. The next month, Plaintiff wrote to Defendant's vice president of employee relations inquiring about the RESOLVE program; Defendant responded by sending Plaintiff a brochure that included the language quoted above. *Id*. at 38.

In March 2009, Plaintiff filed a racial discrimination charge against Defendant with the EEOC. The EEOC issued a "right to sue" letter in July 2009. Plaintiff then filed suit in this Court on October 16, 2009, alleging that she was terminated on the basis of her race in violation

of Title VII of the Civil Rights Act of 1964 and in violation of contract rights based on 42 U.S.C. § 1981. ECF No. 1.  Defendant answered, denying liability and asserting that Plaintiff's claims are subject to mandatory alternative dispute resolution under the RESOLVE program. ECF No. 6.

In December 2009, Defendant filed a motion to stay proceedings in favor of arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 3. ECF No. 7.  Plaintiff opposed the stay. ECF No. 11.  Before the Court decided Defendant's motion, the parties submitted a stipulated order staying the proceedings.  ECF No. 13. The stipulation provides:

> It is stipulated and agreed by and between the parties to this matter, by their respective attorneys of record, that this action shall be stayed in order to give the parties the opportunity to proceed under Defendant's mandatory alternative dispute resolution program known as RESOLVE, up through and including arbitration.
>
> By entering into this Stipulation, neither party waives or relinquishes any of their rights, claims, or defenses in connection with this dispute.
>
> It is so ORDERED.

*Id*.  Subsequently, Plaintiff submitted her Step 1 Complaint, which was denied. Plaintiff then submitted her Step 2 claim, which was again denied. The parties then proceeded to arbitration.

In the arbitration proceeding, Defendant moved to dismiss Plaintiff's complaint, arguing that the claim was time barred because the RESOLVE program requires that a Step 1 complaint be sent to the RESOLVE Program Administrator within one year of the alleged unlawful action. The allegedly unlawful action occurred in 2008, but Plaintiff did not send a Step 1 complaint until March 2010.  When Plaintiff denied that she agreed to the RESOLVE program's one-year statute of limitations, Defendant countered that Plaintiff agreed to the RESOLVE program for two independently sufficient reasons.  First, Plaintiff continued her employment for ten years after Defendant notified her of the program. The continued employment, Defendant argued, was

an acceptance. Second, Defendant argued, even if Plaintiff did not agree to the terms of the RESOLVE program in 1998, Plaintiff did agree to the program provisions in February 2010 pursuant to the stipulation.

The arbitrator did not address Defendant's first argument. Instead, the arbitrator accepted the second argument, explaining:

> Pursuant to the RESOLVE Program Arbitration Rules providing for dispositive motions, [Defendant] filed its Motion to Dismiss on February 14, 2011 asserting that [Plaintiff's] claim is time barred pursuant to the terms of the RESOLVE Program which requires an employee asserting a claim under the RESOLVE Program to file her written program claim form within one year of the alleged unlawful action.
>
> [Plaintiff] filed her Brief in Response to [Defendant's] Motion to Dismiss on March 14, 2011, denying there is any agreement to the one (1) year statute of limitations in the RESOLVE Program. . . .
>
> The parties' written stipulation states that the parties will proceed under the RESOLVE Program. The parties' stipulation to proceed under the RESOLVE Program without waiving any rights, claims, or defenses does not abrogate the RESOLVE Program's express written term that are applicable to this claim. The stipulation does not allow either party to pick or chose [sic] which rules and procedures of the RESOLVE Program should be applied. The stipulation does not state that the parties will proceed under only a part of the RESOLVE Program's Rules and Procedures. Further, there is no agreement that that [sic] proceeding under the RESOLVE Program waives, nullifies, or restarts the program's time limitations regarding [Plaintiff's] claim. . . .
>
> Although [Plaintiff] argues that she never agreed to the one (1) year limitation period in the RESOLVE Program, it is clear that [Plaintiff] stipulated to proceed under the RESOLVE Program after she and her counsel had notice of the program's terms, including, the applicable time limitations.
>
> Based upon the arguments and materials submitted by the parties, there is a valid and enforceable agreement to proceed under the terms of the RESOLVE Program which includes the one (1) year time period in which [Plaintiff] could bring her claims, but failed to do so.
>
> . . . [Defendant] is entitled to summary disposition as a matter of law based upon the parties having entered into a valid and enforceable arbitration agreement under the provisions of the RESOLVE Program.

Pl.'s Mot. to Vacate Ex, B, at 2, 7-8, ECF No. 21-3.

Plaintiff then filed a Motion to Vacate the arbitrator's decision and remand the case to arbitration. Plaintiff argued that: (1) the arbitrator's decision should be vacated under Michigan law as contrary to public policy; (2) that under the Federal Arbitration Act the decision should be vacated because the arbitrator's decision is in contravention of controlling principles of law; and (3) the decision should be vacated under federal law because the arbitrator acted with "manifest disregard" of established precedent.

This Court denied Plaintiff's motion. Plaintiff's first argument, the Court held, was inapposite because the Federal Arbitration Act, not Michigan state law, applies. Plaintiff's second argument was unpersuasive based on settled principles of federal arbitration law. And Plaintiff's third argument lacked merit because, regardless of whether "manifest disregard" remains an independent ground for setting aside an arbitration decision, Plaintiff had not demonstrated that the arbitrator exhibited such disregard.

Defendant now moves for attorney fees pursuant to 42 U.S.C. § 1988. Defendant initially argues that: (1) Plaintiff knew that she was contractually bound by the RESOLVE program and that filing a complaint with this Court was frivolous, entitling Defendant to an attorney's fee award of $30,754.50; and (2) Plaintiff's motion to vacate was likewise frivolous, entitling Defendant to an attorney's fee award of $27,952.50. ECF No. 32. In response, Plaintiff argues that: (1) Defendant has waived any right for requesting attorney fees because attorney fees are considered special damages and should be plead in a responsive pleading prior to judgment; (2) that Defendant has failed to show how either the original complaint or the motion to vacate were frivolous; and (3) that Defendant has failed to submit justification for fees being sought and that the fees are unreasonable. ECF No. 36.

## II

### A

Under the "American rule," litigants are generally expected to pay their own way. Consequently, prevailing parties are not entitled to recover attorney fees — unless there is express statutory authorization saying otherwise. *See generally Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975) (discussing exceptions to the American Rule). Section 1981 claims are one such example of express statutory authorization.

In 1976, Congress passed the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, in order to assure effective judicial process for those people with civil rights grievances. *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983). In applicable part, § 1988 provides: "In any action or proceeding to enforce a provision of [§] 1981 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C.A. § 1988(b). In the complaint, Plaintiff brought a claim pursuant to § 1981, thereby enabling Defendant to file a motion for attorney fees pursuant to § 1988.

The Sixth Circuit cautions that awarding attorney fees against a losing plaintiff is an "extreme sanction" that should be limited to "truly egregious cases of misconduct." *Revis v. Meldrum*, 489 F.3d 273, 292 (6th Cir. 2007) (quoting *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986)). A district court can award attorney's fees to a prevailing defendant pursuant to § 1988 only if the plaintiff's actions were "frivolous, unreasonable, or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (*citing Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978); *Wilson-Simmons v. Lake County Sheriff's Dept.*, 207 F.3d 818, 824 (6th Cir. 2000); *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994).

In determining whether plaintiff's claim was indeed frivolous, unreasonable, or without foundation, the Supreme Court instructs that courts should avoid engaging in post hoc analysis in concluding that because plaintiff did not prevail, the plaintiff's claim was unreasonable or without foundation. *Wayne*, 36 F.3d at 530. Instead, a court should inquire into the basis of the plaintiff's suit. *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 309 (6th Cir. 2003).

Furthermore, 42 U.S.C. § 1988 "permits the defendant to receive only the portion of his fees that he would not have paid but for the frivolous claim." *Fox v. Vice*, 131 S.Ct. 2205, 2216 (2011). A district court can grant attorney's fees for only frivolous claims; the court must use the "but-for" test to determine any awards if applicable. *Fox*, 131 S.Ct. at 2216.

**B**

First, Defendant argues that at the time of filing the complaint, Plaintiff knew that pursuant to her employment contract she was covered under Defendant's mandatory alternative dispute resolution program, RESOLVE. Therefore, the filing of the complaint was frivolous.

As a preliminary matter, it should be noted that neither this Court nor the arbitrator decided whether RESOLVE formed a part of Plaintiff's employment contract. Instead, the arbitrator decided that at the moment of signing the stipulation to stay proceedings, the provisions of RESOLVE were applicable to both Plaintiff and Defendant. ECF No. 21-3. Accordingly, in evaluating the motion to vacate the arbitrator's decision, this Court likewise focused on the parties' stipulation, and not on whether RESOLVE formed part of Plaintiff's employment contract from 1998 onwards. ECF No. 28.

Whether Plaintiff agreed to arbitration prior to filing her complaint is a question of contract. In general, for a contract to exist there must be an offer and acceptance, an acceptance

must be unambiguous and in strict conformance with the offer. *Pakideh v. Franklin Commerical Mortg. Group Inc.*, 540 N.W.2d 777, 780 (Mich. Ct. App. 1995). However, "if an offer does not require a specific form of acceptance, acceptance may be implied by the offeree's conduct." *Id*. An offer is defined as "the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." *Kloian v. Domino's Pizza L.L.C.*, 733 N.W.2d 766, 770 (Mich. Ct. App. 2006) (citation omitted). An acceptance that is "sufficient to create a contract arises where the individual to whom an offer is extended manifests an intent to be bound by the offer, and all legal consequences flowing from the offer, through voluntarily undertaking some unequivocal act sufficient for that purpose." *Id.* at 771 (citation omitted). Apart from offer and acceptance, other essential elements of a contract under Michigan law include: "(1) parties competent to contract, (2) a proper subject matter, (3) a legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *Hess v. Cannon Twp.*, 696 N.W.2d 742, 748 (Mich. Ct. App. 2005) (quoting *Thomas v. Leja*, 468 N.W.2d 58 (Mich. Ct. App. 1991)). The party seeking to enforce the contract has burden to show that it exists. *Hergenreder v. Bickford Senior Living Group, LLC*, 656 F.3d 411, 417 (6th Cir. 2011).

In *Hergenreder*, for example, the plaintiff was given an employee handbook that provided "this handbook is intended as a summary only and is not a contract between Bickford Cottage and its employees." 656 F.3d at 414. The handbook also provided that: "By continuing my employment with [Bickford Cottage] or by accepting an offer of employment with [Bickford Cottage] or by submitting an application for employment to [Bickford Cottage], and in consideration thereof, I agree to submit all covered claims to [Bickford Cottage's dispute resolution program] and to accept the outcome of the [dispute resolution program]." *Id*. at 414–

15. The defendant, moreover, required employees sign a form acknowledging receipt of the dispute resolution program provisions. *Id*. In a question and answer format,

> Bickford answers the question, "Why am I being asked to sign a written agreement to the Dispute Resolution Procedure?" with the following: While your employment and/or continued employment is all that is required for you to be bound to resolve your employment disputes with [Bickford Cottage] under the [dispute resolution program], the Company is committed to this new program and is requesting every employee to commit to it in writing on a form prepared by the Company which signed form will be placed in your personnel file.

*Id*. at 415. In that case, the Sixth Circuit held that the plaintiff was not bound by the arbitration term because the defendants did not give the plaintiff reasonable notice that she was bound by the arbitration term. Reasonable notice, the Sixth Circuit held, includes posting the agreement in a public place, either electronic or physical, for employees; having evidence that the plaintiff attended meetings discussing the policy; and having evidence the plaintiff is aware of the provisions at all. *Id.* at 419. However, if handbook or pamphlet has explicit language stating that the publication is intended to be a binding contract, then the publication will be enforced. *Id*.

Here, the parties dispute whether Defendant gave Plaintiff reasonable notice of the RESOLVE provisions in 1998. Defendant argues that to publicize RESOLVE provisions all employees had to attend a mandatory meeting and posters were placed in public areas; the posters included boldface statements that RESOLVE was effective for all employees and was a mandatory and binding program. ECF No. 32. Yet Defendant presents no evidence that Plaintiff attended meetings or was actually aware of the program. Without acceptance, an essential element of contract formation is absent, and no contract was formed based on the arbitration agreement. Without a contract, Plaintiff was not compelled to follow any mandatory RESOLVE provision (like the one-year limitation requirement) and her original complaint would not qualify as claim that is frivolous, unreasonable, or without foundation. Since the claim is not frivolous,

unreasonable, or without foundation, the Court will deny Defendant's motion for attorney's fees defending Plaintiff filing the complaint in this Court.

## C

Next, Defendant argues that Plaintiff's motion to vacate lacked merit and that Plaintiff's arguments in support of the motion were frivolous, unreasonable, or without foundation. ECF No. 32. The Sixth Circuit instructs that in evaluating frivolity, a court should consider "whether the issue is one of first impression requiring judicial resolution, whether the controversy is sufficiently based upon a real threat of injury to the plaintiff, whether the trial court has made a finding that the suit was frivolous under the *Christiansburg* guidelines, and whether the record would support such a finding." *Garner v. Cuyahoga Cnty. Juvenile Ct.*, 554 F.3d 624, 636 (6th Cir. 2009) (citations omitted) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22 (1978). The *Christiansburg* guidelines, in turn, focus attention on risk of hindsight bias:

> [I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Garner*, 554 F.3d at 635 (quoting *Christiansburg*, 434 U.S. at 421–22). Accordingly, a court must not rely on post hoc analysis to decide whether the claims were frivolous, unreasonable, or without foundation. *Wayne*, 36 F.3d at 530. "The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Hughes*, 449 U.S. at 14. Instead, a court must examine the basis the party uses in bringing the claim; a determination for

defendant's attorney's fees will be made on case by case basis. *Smythe-Cramer Co.*, 754 F.2d at 183. As noted, imposing attorney fees against a losing plaintiff is an "extreme sanction," reserved for "truly egregious cases of misconduct." *Garner*, 554 F.3d at 636.

In this case, Plaintiff supported the motion to vacate based on three arguments: (1) the arbitration decision violated public policy because the decision denied Plaintiff ability to file a race discrimination case by denying Plaintiff adequate time to investigate and file an action; (2) the arbitrator exceeded his powers and the decision is in contravention of controlling principles of law; and (3) arbitrator acted in manifest disregard. ECF No. 21. In the first argument, Plaintiff argued that the arbitration decision violates public policy because the decision denies Plaintiff the time to adequately investigate and file a race discrimination action. In support of her argument, Plaintiff relied on *Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352 (6th Cir. 2004), a Sixth Circuit decision holding that an agreement to shorten a statute of limitations of provision violated public policy and the right to sue by racial minorities is protected against impairment by nongovernmental discrimination. ECF Nos. 21, 28; *see Thurman*, 397 F.3d at 352. This Court, however, concluded that the *Thurman* rule applies only to adhesion contracts. Although this Court concluded that the *Thurman* rule should not extend to non-adhesion contracts, Plaintiff's argument was not "truly egregious." *Garner*, 554 F.3d at 636. Attorney fees are not appropriate.

Second, Plaintiff argued that the arbitrator exceeded his powers by interpreting the stipulation incorrectly, abrogating Plaintiff's Title VII claim against Defendant. ECF No. 21. Concluding that Plaintiff's argument lacked merit, this Court held that interpretation of the contract was for the arbitrator. In passing, however, this Court also acknowledged that one might reasonably interpret the stipulation's non-waiver language to either mean that Plaintiff was delegating the question of arbitrability to the arbitrator or, alternatively though equally

reasonably, intended to preserve the question for this Court. Plaintiff, however, disclaimed the latter interpretation with the requested relief in her motion to vacate. Maintaining that this dispute is subject to arbitration, Plaintiff requested that the Court vacate the arbitration decision and order the parties back to the arbitrator (with an order adopting Plaintiff's preferred interpretation of the ambiguities in the stipulation). Notwithstanding Plaintiff's disclaiming the latter arbitration, the Court does not conclude that her argument was egregiously frivolous.

Third, Plaintiff argues that the arbitrator acted with manifest disregard in that since the *Thurman* standard applies to the instant case, the arbitrator clearly "refused to heed the legal principal." ECF No. 21. As detailed above, Plaintiff's argument that this Court should apply the *Thurman* rule is not frivolous. Had the standard applied to non-adhesion contract, then the arbitrator might have acted in manifest disregard.

In sum, since Plaintiff's three arguments used in support of motion to vacate were not "truly egregious," Defendant is not entitled to attorney's fees incurred in defending against Plaintiff's motion to vacate.

### III

Accordingly, it is **ORDERED** that the Defendant's motion for attorney's fees (ECF No. 32) is **DISMISSED WITH PREJUDICE**.

It is **ORDERED** that the hearing scheduled for Wednesday, June 20, 2012 at 4:00 p.m., is cancelled because the parties' papers provide the necessary factual and legal information to decide the motion. *See* E.D. Mich. L.R. 7.1(f)(2).

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: June 28, 2012

-14-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 28, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS